UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WATERFORD BANK, N.A.,
successor by merger to Clarkston State
Bank,

Plaintiff,

v.

Case No. 2:26-cv-11201-LVP-CI
Hon. Linda V. Parker
Mag. Judge Curtis Ivy, Jr.

TRINITY, Official No. 1264686,
HIN SERP8454J415, her engines, tackle,
apparel, furniture, equipment, and
appurtenances, *in rem,*

and

EUGENE PAIK, *in personam*,

Defendants.

---

**ORDER OF DEFAULT JUDGMENT AND FOR ARREST OF VESSEL AND DENYING DEFENDANT'S "EMERGENCY MOTION"**

On April 13, 2026, Plaintiff filed this action after Defendant Eugene Paik failed to make payments due on a loan secured to purchase the Defendant vessel, Trinity, Official No. 1264686, HIN SERP8454J415 ("Vessel"). Plaintiff obtained a mortgage lien on the vessel pursuant to the loan. After Defendants failed to respond to the Complaint, Plaintiff obtained entries of default and then moved for default judgment.

The Court held a hearing on Plaintiff's motion on August 26, 2026. Paik appeared at the hearing. While he did not contest that he has failed to pay the amount due on the loan, he requested thirty days to attempt to sell the Vessel to satisfy the amount of indebtedness. The Court granted Paik's request but indicated that a default judgment would be entered if the sale was not accomplished by the deadline. (*See* ECF No. 17.) Paik failed to sell the Vessel by the deadline. (*See* ECF No. 19.) Paik did file an "emergency motion" where he requests an alternative process for surrendering the Vessel. (*See* ECF No. 20.) However, because he has not responded to the Complaint, is in default, and has never disputed Plaintiff's allegations, he is not entitled to relief sought in the motion. The Court is, therefore, denying Paik's motion and granting Plaintiff's motion for default judgment.

NOW, THEREFORE, **IT IS ORDERED**:

1. Defendant Paik's "emergency motion" (ECF No. 20) is **DENIED**.

2. Default Judgment is entered in favor of Waterford and against Defendant Eugene Paik pursuant to Fed. R. Civ. P. 55(b)(2)and Eastern District of Michigan L.R. 7.1 in the sum of **$715,109.27**, consisting of an unpaid principal balance of $657,713.60, accrued interest of $30,971.29, and late charges of $9,011.00, and contractually agreed reimbursable attorneys' fees of $17,413.38 as

of September 22, 2026, as set forth in the Affidavit of Jill S. McBeth (ECF No. 19-2, PageID.128-130).

3. The Clerk of the Court shall issue a warrant for the arrest of the Vessel and to deliver same to the U.S. Marshal for service.

4. Pursuant to Supplemental Rule E(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a copy of the warrant shall be affixed to the Vessel.

5. The Vessel shall be offered for sale by such brokers as Waterford shall deem appropriate, at Colony Marine's location at 24530 Jefferson Avenue, St. Clair Shores, Michigan, and Waterford, with the cooperation and agreement of the U.S. Marshal, may cause the Vessel to be transported to that location to accomplish the purposes of this Order.

6. Waterford shall be entitled to recover all costs of sale, including relocation and storage of the Vessel and U.S. Marshall fees and expenses, from Defendant Eugene Paik.

7. The net proceeds of the sale of the Vessel shall be applied to the Judgment balance, with an accounting of the sale proceeds to be furnished to Defendant Eugene Paik by Waterford.

8. Any sale of the Vessel shall be subject to the provisions of 46 U.S.C. § 31325, but no approval of the Court shall be required for any public sale.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 30, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 30, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager